KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
  Attorney for Plaintiff,
  Michelle Fuquay

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MICHELLE FUQUAY,  )
  )
      Plaintiff,  )
  )
vs.  )
  )
VILLAGE PUB RAINBOW, LLC, a  )
Nevada corporation; ROE CORPORA-  )
TIONS I through X, inclusive; and DOES I  )
through X, inclusive,  )
  )
      Defendants.  )
———————————————— )

**PLAINTIFF'S COMPLAINT**
**(Jury Demanded)**

COMES NOW PLAINTIFF, MICHELLE FUQUAY, and complains of Defendant, VILLAGE PUB RAINBOW, LLC (hereinafter "Defendant" or "Village Pub"), as follows:

## JURISDICTION AND VENUE

1.     This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff, Michelle Fuquay. This action comes under federal statutes prohibiting discrimination and to secure the protection of and to redress deprivation of rights under these laws.

2.     Plaintiff's ("Ms. Fuquay," or "Plaintiff") statutory claims arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*; the Civil Rights Act of 1991, ("1991 Civil Rights Act"); and, the Nevada anti-discrimination statute, N.R.S. § 613.310 *et seq.*

3.     Ms. Fuquay asserts she was sexually harassed, treated differently, subjected to a hostile work environment, and terminated from her employment, because of her sex and in retaliation for having reported that sexual harassment.

///

4.    Ms. Fuquay filed her Charge of Discrimination with the Nevada Equal Rights Commission (NERC) and the U.S. Equal Employment Opportunity Commission (EEOC) and signed her Charge of Discrimination on February 5, 2005, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. On or about February 11, 2008, Ms. Fuquay received a copy of the "Right to Sue" notice, and therefore fulfilled all jurisdictional requirements for the filing of this suit.

5.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

**THE PARTIES**

6.    Plaintiff, Ms. Fuquay, at all times relevant to this Complaint, was a resident of Clark County, Nevada and at all times relevant to her claims, she was employed by Defendant Village Pub from June 3 through July 15, 2004.

7.    Defendant Village Pub is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended.  Village Pub was engaged in an industry affecting commerce or in the production of goods for commerce. The unlawful employment practices stated below were committed within the State of Nevada.

8.    As an employer in Nevada with over 15 employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, Village Pub is required to comply with all state and federal statutes which prohibit harassment, discrimination and retaliation because of sex.

9.    DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants, or who may be individual officers or employees of the named Defendants.  The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time. Plaintiff Ms. Fuquay therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for the damages or injuries suffered by Plaintiff Ms. Fuquay as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff Ms. Fuquay will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Fuquay.

2

1

**FACTS**

2      10.   Ms. Fuquay was hired by Village Pub on June 2, 2004 as a Food Server. Beginning

3  almost immediately after she began working for Village Pub and continuing through the duration of her

4  employment until she was discharged from her job on July 15, 2004, Ms. Fuquay was subjected to sexual

5  harassment and discrimination by management and employees of Village Pub.

6      11.   Ms. Fuquay was the only female working on the night shift and several of her co-workers

7  frequently sexually harassed her.

8      12.   Ms. Fuquay was sexually harassed by a co-worker/employee. He would engage in sexual

9  comments toward her and stand so close that when she moved she would bump into him. He stated that

10  he liked her and he would ask her out on dates, and each time Ms. Fuquay would refuse his advances.

11  But the more Ms. Fuquay refused him, the more he would harass her and treat her in a mean and

12  disrespectful manner.

13      13.   Another male co-worker frequently touched Ms. Fuquay, grabbing her buttocks, waist,

14  shoulders, and arms. He also told Ms. Fuquay that he loved her and frequently tried to kiss her. As

15  much as Ms. Fuquay attempted to rebuff his advances and avoid contact, this male employee still

16  managed to kiss her on the neck on many occasions.

17      14.   Ms. Fuquay reported this ongoing harassment and discrimination to her Manager, Mr.

18  Stobler, but nothing was done to address, investigate or stop this harassment and discrimination by

19  Defendant's employees.

20      15.   Another male co-worker also frequently made sexual comments to Ms. Fuquay. On one

21  occasion, after Ms. Fuquay commented on his dark curly hair, he stated that the hair around his penis

22  was the same as all over his body.

23      16.   Again, Ms. Fuquay reported this harassment and discrimination to Mr. Stobler, who told

24  her that he would speak to her co-workers about it. Ms. Fuquay informed Mr. Stobler that the

25  harassment and discrimination had become so intolerable that she needed him to speak to her co-workers

26  before she started her next shift. However, Mr. Stobler did nothing.

27  ///

28  ///

17.     By the time Ms. Fuquay's next shift was to begin, she had reason to believe that Mr. Stobler had still done nothing to correct the situation. He had not spoken with the offending co-workers nor had he conducted an investigation.

18.     Because Ms. Fuquay found the work environment to be so hostile and intolerable as a result of the ongoing sexual harassment and discrimination to which she was continually subjected, and because Village Pub had done nothing to correct the situation in spite of her many requests that they do so, she contacted Village Pub management several times prior to her next shift to report that she was unable to report to work on her next shift.

19.     Any reasonable person in Ms. Fuquay's position would have found the harassment and discrimination so intolerable that she found she had no alternative but to call in to work and ask for the night off.

20.     On or about July 15, 2004, Defendant Village Pub terminated Ms. Fuquay from her employment.

21.     Village Pub claimed Ms. Fuquay's employment was terminated due to a "no call - no show," but Ms. Fuquay states she was in contact with Village Pub's management several times prior to the beginning of her shift and that her termination was nothing but a pretext for sexual discrimination and harassment, and retaliation for Ms. Fuquay's reporting the sexual harassment and discrimination to which she was being subjected.

22.     Ms. Fuquay also claims that Mr. Stobler told her that if she could not handle the situation then perhaps she should consider working somewhere else.

23.     As a result of the sexual harassment, sex discrimination, intimidation and retaliation, Ms. Fuquay suffered emotional distress.

24.     Plaintiff Fuquay was subjected to sexual harassment and discrimination, retaliation and intimidation, which was so intense and pervasive as to constitute a hostile, discriminatory and oppressive work environment.

25.     In addition, when Plaintiff Ms. Fuquay complained, Village Pub retaliated against her by terminating her employment.

///

4

1

2

### FIRST CAUSE OF ACTION
*Sex Discrimination Under State and Federal*
*Anti-Discrimination Statutes*

3     26.     Plaintiff, Ms. Fuquay, repleads and realleges and incorporates herein by reference each

4   and every allegation contained in paragraphs 1 through 25 above as if fully set forth.

5     27.     Defendant Village Pub was aware of the conduct of its management employees and/or

6   employees in engaging in harassing or discriminatory conduct toward Ms. Fuquay.

7     28.     Defendant Village Pub, as an employer, knew or should have known of its long-standing

8   obligation to maintain a workplace free of harassment and discrimination based on sex.

9     29.     Defendant Village Pub failed to take reasonably adequate steps to prevent sex

10   discrimination and harassment in its workplace.

11     30.     Defendant Village Pub failed to institute effective institutional policies to remedy

12   complaints about conduct which might constitute discrimination based on sex, including harassment and

13   discrimination.

14     31.     Defendant Village Pub failed to conduct an investigation into Ms. Fuquay's complaints

15   of sexual harassment and discrimination.

16     32.     Defendant Village Pub discriminated against Ms. Fuquay based on her sex in that she was

17   subjected to different terms and conditions of employment.  She was subjected to harassment and

18   discrimination in the form of (including but not limited to) inappropriate sexual comments made to her

19   by several co-workers, being grabbed on her buttocks, waist, shoulders and arms and attempts to kiss

20   her, and an allegation against her of a "no call no show," which was the grounds for which Village Pub

21   terminated Ms. Fuquay's employment.

22     33.     Contrary to Village Pub's allegation of "no call no show," Ms. Fuquay claims she had

23   contact with Defendant's management several times prior to the beginning of her scheduled shift.

24     34.     Ms. Fuquay has suffered serious mental and emotional distress as result of this unlawful

25   discrimination.

26     35.     The above-described acts of Village Pub were wanton, willful, malicious and done with

27   a conscious disregard for Ms. Fuquay's federally protected rights. Ms. Fuquay has suffered financial loss

28   as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

36.     It has been necessary for Ms. Fuquay to retain the services of an attorney and she should be compensated therefor.

## SECOND CAUSE OF ACTION

### *Retaliation*

37.     Plaintiff Ms. Fuquay repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 36 above as if fully set forth.

38.     After Plaintiff Ms. Fuquay reported the acts of sexual harassment and discrimination to Defendant Village Pub, Defendant Village Pub continued to harass and discriminate against Ms. Fuquay, and treated her differently than other similarly situated employees, ultimately terminating her employment for an alleged "no call - no show."

39.     Ms. Fuquay states she was in contact with Defendant's management several times prior to the beginning of her shift and that her termination was nothing but a pretext for sexual discrimination and harassment, as well as retaliation for Ms. Fuquay's reporting the sexual harassment and discrimination to which she was being subjected.

40.     Defendant Village Pub knew or should have known of its obligation to refrain from and prevent retaliatory acts against Plaintiff Fuquay and Village Pub failed to do so.

41.     Defendant Village Pub failed to take immediate corrective action when it learned that Plaintiff Fuquay had suffered acts of discrimination and retaliation by employees of Defendant Village Pub.

42.     The above-described acts of Defendant Village Pub are wanton, willful, malicious and done with a conscious disregard for Ms. Fuquay's federally protected rights. Plaintiff Ms. Fuquay has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

43.     It has been necessary for Plaintiff Ms. Fuquay to retain the services of an attorney and she should be compensated therefor.

///

///

///

6

## THIRD CAUSE OF ACTION

### *Injunctive Relief*

44.     Plaintiff Ms. Fuquay repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 43 above as if fully set forth.

45.     Pursuant to 42 U.S.C. § 2000e-2 *et seq.*, Plaintiff Ms. Fuquay seeks injunctive relief requiring that Village Pub correct its past discriminatory practices and take appropriate steps to ensure that all employees are afforded a workplace free of unlawful sex discrimination, including sexual harassment.

46.     Plaintiff Ms. Fuquay seeks injunctive relief from this Court requiring Village Pub to take all steps necessary to evaluate the existence of conduct in its workplace which might constitute discrimination and institute effective educational and prevention programs to prevent or remedy conduct which might constitute sex discrimination; and to take appropriate disciplinary action against all employees who participated in, tolerated or failed to act to prevent, stop or remedy the acts of sex discrimination against Plaintiff Ms. Fuquay.

47.     The above-described acts of Defendant Village Pub are wanton, willful, malicious and done with a conscious disregard for Plaintiff's federally protected rights. Plaintiff Ms. Fuquay has suffered financial loss as a direct result of said illegal conduct and is entitled to be fully compensated therefor.

WHEREFORE, Plaintiff Michelle Fuquay prays for the following relief:

1.     A trial by jury on all issues;

2.     All employment-related losses including but not limited to back pay, front pay, and benefits;

3.     All compensatory, special and general damages allowed by law;

4.     Injunctive relief as set forth above;

5.     Attorneys' fees and costs of suit incurred herein;

6.     Prejudgment interest;

///

///

7

7.   Punitive damages in an amount sufficient to punish and deter Defendant Village Pub from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct;  and

8.   For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 9th day of May, 2008.

By: _____
KRISTINA S. HOLMAN #3742
1100 East Bridger Ave.
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 255-4779
email: kholmanlaw@gmail.com
Attorney for Plaintiff,
Michelle Fuquay

W:\Fuquay, Michelle\Pleadings\complaint.wpd

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| | ☒ FEPA | |
| | ☐ EEOC | |

Nevada Equal Rights Commission
*State or local Agency, if any* ————————— and EEOC

NAME *(Indicate Mr., Ms., Mrs.)*

Ms. Michelle Fuquay

STREET ADDRESS                    CITY, STATE AND ZIP CODE

| | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

NAME

Village Pub & Restaurant

| NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|
| Cat A (15-100) | (702) 216-0810 |

STREET ADDRESS                    CITY, STATE AND ZIP CODE

7575 S Rainbow Blvd. Las Vegas, NV 89146

COUNTY
003

NAME

STREET ADDRESS                    CITY, STATE AND ZIP CODE

TELEPHONE NUMBER *(Include Area Code)*

COUNTY

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER *(Specify)*

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST | LATEST |
| 07/15/2004 | 07/09/2004 |

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s))*:

I was discriminated against by Jim Stobler (Manager), Sergio LNU (Busser), Joseph (Food Server), and the Night Shift Dishwasher because of my Sex (Female). I was harassed, sexually harassed, retaliated against, and discharged. I filed my charge of discrimination with the Nevada Equal Rights Commission (NERC) on January 3, 2005.

I was hired by the Respondent on June 2, 2004 to work as a Food Server. I was the only female working on the nightshift. I was sexually harassed from the time I began working for the Respondent but the discrimination increased leading up to the weeks before my discharge. Sergio always watched my butt when I bent over and would make sexual comments to me. Sergio would wait for me to bend over then he would stand behind me so that when I backed up or stood up he would bump into my butt. Sergio told me that he liked me and asked me out on dates but I denied his request. After I denied Sergio's requests he became mean and harassing towards me.

The dishwasher constantly touched me or grabbed my butt, waist, shoulders, and arms. The dishwasher also told me that he loved me and always tried to kiss me. Most of the time he did manage to kiss me on the neck. I complained to Mr. Stobler about the disparate treatment I was receiving but the issue was not resolved.

## ** Text is Continued on Attached Sheet(s) **

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

2/5/05   *Michelle Fuquay*

Date          Charging Party *(Signature)*

NOTARY · (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

*Michelle Fuquay*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Month, day and year)

EEOC FORM 5 (Rev. 07/98)

Exhibit A

Jan 26 07:55 2005  CP Initials _MM_  Chg # , Attachment Page 1

---------------------------------------------------------------
Equal Employment Opportunity Commission
Form 5 - Charge of Discrimination, Additional Text
---------------------------------------------------------------

Joseph would also make sexual comments to me but on one particular occasion I commented on his dark curly hair. Joseph offered to show me his dick, stating that the hair around his dick is the same all over his body. I again reported this sexual harassment to Mr. Stobler and he states that he would talk to my co-workers. The harassment was so bad that I wanted Mr. Stobler to talk to my male co-workers before the next shift started but Mr. Stobler did not.

By the time my next shift was to start Mr. Stobler still had not talked to my male co-workers or begun an investigation of the matter. As a result I did not report to work that evening and was discharged for No-show. Mr. Stobler's position was that if I can't handle the situation then perhaps I should consider something else. I believe that I was discharged in retaliation for reporting the discrimination.

I believe that I was discriminated against because of my Sex (Female) in violation of Title VII of the Civil Rights Act of 1964 as amended.